Complaint       **C11-0360** RAJ

U.S. District Court -
Seattle - Western District
Jurisdiction - 28-1331
28-1332, article 3 -
attached;

Plaintiff - Mr. Paul
Simonds
4742 18th Ave. N.E.
Seattle Wash. 98105
206-523-3213

Defendant - or
Defendants -
Dish Network
5701 South Sante fe
drive
Littleton Co. 80120

U.S.C.A. 28-1361 -
to enforce this; -
judgement,

**11-CV-00360-CMP**

Defendant or Defendants- violated - Statutes U.S.C.A. 42-1981-a,b, Statement of facts - or as more public record- requirement defendant or (s) has all always allowed Mr. Simonds to mail his Statement-bill anytime during any month until the end of the month but must arrive; this month Feb, 2011, they are required before the end; Mr. Simonds claims-defendant-or (s) violated - due process of law - U.S.C.A. 5th amendment, -as claim,

and breached their duty - to honor or enforce such between defendant(s) and Mr. Simonds; breach of duty, breach of contract - repudiate - Mr. Simonds is therefore suing defendant(s) this entire Complaint and damages - includes violations - Statutes U.S.C.A. 15-1, 15-45-m - civil actions for recovery of penalties for knowing violations of rules and cease and desist orders respecting respecting unfair or deceptive

acts or practices
667 F Supp. 2nd 953
number- 8/ as more;
Antitrust and Trade
regulation
includes documents
all - as more to
Sue Dish Network;
attached -
pg - 73 -
note - 88 -
~~guilty as to charge~~
~~of~~
guilty of
discrimination either
as to charge or as
to service - issue -
defendants fail to
exercise control
to enforce law or follow
as more; their
services as a
Satellite provider;
Satellite provider;
Satellite provider.

their service
interrupted on
Feb. 23rd 2011,
satellite provider
services;
due process of law
violations - U.S. C.A.
5th amendment to
interrupt services;
interrupt services;

Statement of facts;

#damages - suing - Dish
#95,000.00 - failed to
return services on
date - etc.
Mr. Paul Simonds
4742 18th Ave. N.E. #19
Seattle Wash. 98105
Feb. 23rd 2011
demand for judgement -
Federal rules - of civil pro
procedure - 54 c,



FEB 25 2011

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

Note on Motion Calendar-
Motion for Orders
to Show Cause
on Complaint,
affidavit, noted for
Consideration - March 18th 2011
Mr. Simonds moves the
judge for all orders
to Show Cause on
Complaint, affidavit-
pursuant to the
Federal rules of
civil procedure-
rule-1, 4-m, 5, 6, 7
8-a-1, 8-a-2, 8-a-3,

8-c, 8-f, 18-a, 19-a,
20-a, 24-a, b, 46, 52,
15-c, 54-b, c, 55-a, 62-c,
83, 86, civil rules-7-b
5) proceed-
In forma pauperis
as more-
U.S.C.A. 28-1915-a,




Presented by-
Mr. Paul Simonds
4742 18th Ave. N.E. #9
Seattle Wash. 98105
Feb. 23rd 2011

Affidavit of Motion

Proof of Service on the Court - Mr. Simonds shall mail Complaint, Summons, Cover Sheet, to more Defendants on Feb. 29th 2011, on the Court same day;

attached evidence rules-201;

all Federal rules of civil procedure- and orders to Show Cause for judgement; Presented by Mr. Simonds, Feb. 23rd 2011 Proceed- In forma pauperis,-28-1915-a,

Federal Procedure, Lawyers Edition § 45:2460, Federal Question Jurisdiction
Federal Procedure, Lawyers Edition § 36:431, Supreme Court Original Jurisdiction.
Federal Procedure, Lawyers Edition § 45:2470, Jurisdiction in Cases Affecting Ambassadors, Other Public Ministers, and Consuls.
Federal Procedure, Lawyers Edition § 53:6, Generally.
Federal Procedure, Lawyers Edition § 62:4, Continuing Validity of Substantive Rules.
Federal Procedure, Lawyers Edition § 62:623, Applicable Law; Effect of Removal.
Federal Procedure, Lawyers Edition § 62:649, Generally.
Federal Procedure, Lawyers Edition § 65:246, Generally.
Immigration Law and Defense § 10:10, Jurisdictional Defenses.
Securities Litigation: Damages § 9:5, Unconstitutionality of the Judicial Creation and Perpetuation of the § 10(B) Private Right of Action.
Securities Litigation: Damages § 9:7, Musick, Peeler and the Implied Right to Contribution.
Securities Litigation: Damages § 9:16, Supreme Court Grants Certiorari.
Wright & Miller: Federal Prac. & Proc. § 12, "Constitutional" and "Legislative" Courts Fn1.
Wright & Miller: Federal Prac. & Proc. § 1061, History and Purpose of Rule 4.
Wright & Miller: Federal Prac. & Proc. § 3528, "Constitutional" Courts and Other Tribunals in Which the Judicial Power is Vested.
Wright & Miller: Federal Prac. & Proc. § 3601, History and Purpose of Diversity Jurisdiction.
Wright & Miller: Federal Prac. & Proc. § 3604, Citizens or Subjects of Foreign States.
Wright & Miller: Federal Prac. & Proc. § 3671, Sources and Scope of Admiralty Jurisdiction.
Wright & Miller: Federal Prac. & Proc. § 3701, Jurisdictional Amount-The Statutory Bases.

## WESTLAW COMPUTER ASSISTED LEGAL RESEARCH

Westlaw supplements your legal research in many ways. Westlaw allows you to

- update your research with the most current information
- expand your library with additional resources
- retrieve current, comprehensive history citing references to a case with KeyCite

For more information on using Westlaw to supplement your research, see the Westlaw Electronic Research Guide, which follows the Explanation.

## Section 2, Clause 1.   Jurisdiction of Courts

**Section 2.** The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;—to all Cases affecting Ambassadors, other public Ministers and Consuls;—to all Cases of admiralty and maritime Jurisdiction;—to Controversies to which the United States shall be a Party;—

to Controversies between two or more States;—between a State and Citizens of another State;—between Citizens of different States;—between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

## HISTORICAL NOTES

**Clause affected**
This clause has been affected by the Eleventh Amendment.

## CROSS REFERENCES

Judicial power not to extend to suits against states by citizens of other states or by citizens or subjects of foreign states, see USCA Const. Amend. XI.
Judicial power vested in Supreme Court and inferior courts, see USCA Const. Art. III § 1.

## LAW REVIEW AND JOURNAL COMMENTARIES

2001 patent law decisions of the federal circuit. Joseph Ferraro, 51 Am.U.L.Rev. 639 (2002).

A mandatory view of federal court jurisdiction: A guided quest for the original understanding of Article III. Robert N. Clinton, 132 U.Pa.L.Rev. 741 (1984).

A synopsis of the laws protecting our cultural heritage. Marilyn Phelan, 28 New Eng.L.Rev. 63 (1993).

Adapting due process to match your tort: In re DES: A novel approach to jurisdiction. Comment, 67 St.John's L.Rev. 655 (1993).

Admiralty, Article III, and Supreme Court review of state-court decisionmaking. Jonathan M. Gutoff, 70 Tul.L.Rev. 2169 (1996).

American Dredging Co. v. Miller: Clouding the waters of maritime litigation. 59 Alb.L.Rev. 1519 (1996).

Are the judicial safeguards of federalism the ultimate form of judicial activism? Saikrishna Prakesh, 73 U.Colo.L.Rev. 1363 (2002).

Argument against imposing the federal case or controversy requirement on state courts. Brian A. Stern, 69 N.Y.U.L.Rev. 77 (1994).

Article III cases, state court duties, and the Madisonian Compromise. Michael G. Collins, 1995 Wis.L.Rev. 39.

Avoiding constitutional questions. Lisa A. Kloppenberg, 35 B.C.L.Rev. 1003 (1994).

Bowers v. Hardwick: A case study in federalism, legal procedure and constitutional interpretation. Thomas J. Maroney, 38 Syracuse L.Rev. 1237 (1987).

Bribery and other not so "good behavior": Criminal prosecution as a supplement to impeachment of federal judges. 94 Colum.L.Rev. 1617 (1994).

Bush v. Gore was not justiciable. Erwin Chemerinsky, 76 Notre Dame L.Rev. 1093 (2001).

Case against supplemental bankruptcy jurisdiction: A constitutional, statutory, and policy analysis. Susan Block–Lieb, 62 Fordham L.Rev. 721 (1994).

Case of the Prisoners and the origins of judicial review. William Michael Treanor, 143 U.Pa.L.Rev. 491 (1994).

Causation, constitutional principles, and the jurisprudential legacy of the Warren Court. Michelle Adams, 59 Wash. & Lee L.Rev. 1173 (2002).

Choice of law analysis: The solution to the admiralty jurisdictional dilemma. Joseph F. Smith, Jr., 14 Tul.Mar.L.J. 1 (1989).

Congressional abrogation of Indian treaties: Reevaluation and reform. Note, 98 Yale L.J. 793 (1989).

l
;
-
l
y
a
y
i-
es
it,
ie
a
ist
m
ng
he
of
ov-

and
read
iblic
ation
evel-
e the
was
arger
it," if
-radio

U.S.
road-
J.S.C.
of the
J. 78

Importantly, Title I of the Act specifically exempted broadcasters from the obligations imposed upon common carriers under Title II. Section 3(h), which defined "common carrier" for purposes of the Act, stated that a broadcaster was not "deemed a common carrier." Thus, Congress specifically rejected "the argument that the broadcast facilities should be open on a nonselective basis to all persons wishing to talk about public issues."[84]

As a purely definitional provision, section 3(h) was new. The committee reports accompanying the 1934 legislation are not helpful in ascertaining its origins; they show only that the House and Senate reached a compromise over differing definitions of the term "common carrier."[85] But in other contexts, Congress had debated the question of whether broadcasters were common carriers for many years.[86] During the debates preceding the 1927 Act, for example, some Congressmen expressed the view that the unregulated power of broadcasters to refuse airtime constituted a form of private censorship, and as a result should be controlled by treating broadcasters as common carriers.[87] An early House bill similarly would have authorized the revocation of a license whenever a licensee was "guilty of discrimination, either as to charge or as to service."[88] The Senate Committee on Interstate Commerce also reported out the following provision:

> If any licensee shall permit a broadcasting station to be used . . . by a candidate or candidates for any public office, or for the discussion of any question affecting the public, he shall make no discrimination as to the use of such broadcasting station, and with respect to said matters the licensee shall be deemed a common carrier in interstate commerce.[89]

Senator Dill successfully offered an amendment to delete the common carrier language from the bill, on the ground that:

> [w]hen we recall that broadcasting today is purely voluntary, and the listener-in pays nothing for it, that the broadcaster gives it for the purpose of building up his reputation, it seemed unwise to put the broadcaster under the hampering control of being a common carrier and compelled to accept anything and everything that was offered him so long as the price was paid.[90]

The issue arose again in the debates over the equal opportunities provision in the 1934 Act. The Senate passed a bill containing a provision imposing a limited obligation on broadcasters to permit the use of their stations to people wishing to speak out on public questions.[91] But that provision was later deleted in conference.[92]

Insofar as it mandated that broadcasters air particular programming, the common carrier notion was also reflected in heated debates over section 307, a section discussed

---

[84] *Columbia Broadcasting System v. Democratic National Committee*, 412 U.S. 94, 105 (1973).

[85] H.R. Conf. Rep. No. 1918, 73d Cong., 2d sess., 45–46 (1934).

[86] For a more comprehensive discussion of the legislative history of section 3(h), see Rosenbloom, *supra* note 24, at 119–22, 149–51.

[87] *Columbia Broadcasting System v. Democratic National Committee*, 412 U.S. at 105; *see* H.R. Rep. No. 464, 69th Cong., 1st sess., 15–18 (1926).

[88] H.R. 9971, 69th Cong., 1st sess. (1926). One Congressman introduced an amendment to that bill providing "[t]hat equal facilities and rates, without discrimination, shall be accorded to all political parties and all candidates for office, and to both proponents and opponents of all political questions or issues." But the amendment was ruled out of order. *See* 67 *Cong. Rec.* 5559 (1926) (amendment offered by Rep. Johnson).

[89] 67 *Cong. Rec.* 12503 (1926) (statement of Sen. Howell).

[90] 67 *Cong. Rec.* 12502 (1926).

[91] *See Hearings on S. 2910 Before the Senate Committee on Interstate Commerce*, 73d Cong, 2d sess., 19 (1934) (setting forth proposed section 315(a)).

[92] H.R. Conf. Rep. No. 1918, 73d Cong., 2d sess., 49 (1934).

73

People of State of Nev. v. King, D.C.Nev. 1979, 463 F.Supp. 749. Removal Of Cases ⚖ 25(1); Removal Of Cases ⚖ 102

**121. —— Inheritance and gift taxes, particular actions or proceedings**

Imposition of inheritance tax on intestate transfer of reservation property from a deceased reservation resident to his heir, also a reservation resident, could not be justified on ground that inheritance taxation is a tax on privilege rather than on an inherent right and therefore distinguishable from other prohibited reservation taxes. Estate of Johnson, Cal. App. 1 Dist.1981, 178 Cal.Rptr. 823, 125 Cal.App.3d 1044, certiorari denied 103 S.Ct. 63, 459 U.S. 828, 74 L.Ed.2d 65. Taxation ⚖ 3302

**122. Torts, particular actions or proceedings**

There was no waiver of sovereign immunity of Indian tribe so as to allow survivors to maintain wrongful death action against Indian tribe for allegedly negligent operation of boat docks. Long v. Chemehuevi Indian Reservation, Cal. App. 4 Dist.1981, 171 Cal.Rptr. 733, 115 Cal.App.3d 853, certiorari denied 102 S.Ct. 129, 454 U.S. 831, 70 L.Ed.2d 109. Indians ⚖ 27(1)

It is the status of Indians involved in tort litigation that controls in excluding jurisdiction of state court and not where collision out of which action took place, so long as it is within of Indian reservation. Sigana v. Minn.1969, 164 N.W.2d 886, 282 367. Indians ⚖ 27(2)

The State District Court N.D.Const. Art. 16, § 203, had jurisdiction to determine a civil cause of action based on alleged negligence of defendant in operation of an automobile in the notwithstanding the fact that the was between enrolled Indians within the borders of an Indian reservation, and notwithstanding the fact the accident out of which the cause of action arose occurred within such reservation. Vermillion v. Spotted Elk, 1957, 85 N.W.2d 432. Indians ⚖

**123. Utility service, particular actions or proceedings**

Federal statute prohibiting states regulating use of Indian property in a manner inconsistent with federal regulations and federal regulation barring states governing, regulating, or controlling or development of real or personal property on reservation, did not preempt law allocating electric services between competing utilities on reservation. Application of Otter Tail Power Co., N.D. 451 N.W.2d 95. Electricity ⚖ 8 States ⚖ 18.73

## § 1361. Action to compel an officer of the United States to perform his duty

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

(Added Pub.L. 87–748, § 1(a), Oct. 5, 1962, 76 Stat. 744.)

### HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**
**1962 Acts.** Senate Report No. 1992, see 1962 U.S. Code Cong. and Adm. News, p. 2784.

### CROSS REFERENCES

Failure to approve or deny application for license of firearm by Secretary of Treasury within time limitation, see 18 USCA § 923.
Regulations prohibiting discharge or discrimination of employees enforceable mandamus proceedings under this section—
Air quality monitoring contractor, see 42 USCA § 7622.

## § 1195. Orders to Show Cause and Rules Nisi

Orders to show cause and rules nisi are not provided for in the Federal Rules of Civil Procedure.[1] The drafters of the rules apparently felt that the historical and technical procedures surrounding their use did not comport with the philosophy of simplifying procedure underlying the federal rules. However, the effect of a show

### § 1195

**1. Orders to show cause**

An order to show cause is not authorized by the rules. Rule 7(b) provides that all applications to the court for orders shall be by motion. The federal rules and the forms clearly indicate that motions are brought before the court by means of a "notice of motion," which serves the purpose of a rule to show cause and obviates the necessity for obtaining such a rule. U.S. v. Rollnick, D.C.Pa.1940, 33 F.Supp. 863.

Resort to a rule to show cause offends the terminology adopted by the civil rules. Rosenberg v. Hano & Co., D.C.Pa.1938, 26 F.Supp. 160.

See Local Civil Rule 6.1 of the Southern and Eastern Districts of New York, which state: "No ex parte order or order to show cause to bring on a motion will be granted except upon a clear and specific showing by affidavit of good and sufficient reasons why procedure other than by notice of motion is necessary." See also New Jersey Local Civil Rule 65.1.

**See also**

The court could see no useful purpose in deviating from the federal rules in that the legal effect of a motion is the same as that of a show cause order, although practically the latter imposes upon the plaintiff the additional burden of appearing before the court with his motion for a show cause order; it also imposes upon the court the burden of hearing the motion for show cause and determining from the complaint and supporting affidavits if such should be filed, and whether or not a prima facie case for an injunction has been made out. Walling v. Moore Milling Co., D.C.Va.1945, 62 F.Supp. 378.

Mitchell v. Flynn, Me.1984, 478 A.2d 1133 n. 2, **citing Wright & Miller.**

**Compare**

"The show cause order of course has no major inherent advantage over a motion, but it does have two minor benefits. First, it is a device for adjusted or tailormade calendaring, bringing matters to issue speedily where this is necessary. Granted that an order shortening time on a motion would do the same thing, it is not a bad thing to have a special label for a special time adjusting device. Second, the show cause order balances the acceleration benefit given to the person who seeks the order by giving first time at bat to the person who receives it. The respondent is ordered to show cause, and he may very well do so with a motion to quash the show cause order. The initiative passes to him with quick settlement of legal issues. The show cause procedure works well and it is not clear why Professor Wright is unsympathetic to it." Frank, Book Review, 1963, 76 Harv.L.Rev. 1704, 1706.

An experienced federal district judge says: "An order to show cause is a relic of the past and entirely unnecessary. In [this district] * * * if we want to shorten time for hearing a motion, we informally endorse a note on the motion, 'Let this be set for hearing on _____.' We do use an order to show cause very rarely, e.g., when it is necessary to serve a notice on a party instead of on counsel."

cause order can be secured by seeking an order under Federal Rule 6(d) shortening the time allowed on a motion, thereby obtaining the desired expeditious handling of the matter yet avoiding all of the outdated procedures that traditionally accompanied the show cause order.[2] In Application of Tracy,[3] Judge Clark, the chief architect of the rules, in a concurring opinion written shortly after their adoption, summed up the matter as follows:

> An unnecessary appearance of irregularity was given the proceedings below by the fact that formal orders to show cause, signed by a judge, were procured, whereas simple notices of motions would have been preferable. The new Federal Rules of Civil Procedure attempt to limit to a minimum these unnecessary formalities which take up the time of judges and add nothing of value to the proceedings. Here the order to show cause on the motion to quash was simply a somewhat peremptory notice of motion, as the judge below pointed out. Since such orders to show cause serve only to confuse, judges might well decline to sign them except when really required by or justified under binding rules of procedure.[4]

Nevertheless, a request for a show cause order usually will be entertained and treated as a motion, if doing so will not prejudice the opposing parties.[5] In practice, many district courts do use show

---

**2. Use of Rule 6(d)**

Wilcher v. Wilcher, Ky.App.1978, 566 S.W.2d 173, 175, **citing Wright & Miller.**

**3. Tracy case**

C.A.2d, 1939, 106 F.2d 96, certiorari denied 60 S.Ct. 129, 308 U.S. 597, 84 L.Ed. 500.

**4. Quotation**

Id. at 98.

**5. Show cause order treated as motion**

Westhemeco Ltd. v. New Hampshire Ins. Co., D.C.N.Y.1979, 82 F.R.D. 702, 705 n. 1, **citing Wright & Miller.**

Marshall v. Weyerhaeuser Co., D.C.N.J. 1978, 456 F.Supp. 474, 477, **citing Wright & Miller.**

When the district court had ordered that any party filing a pretrial motion submit a brief in support of the motion within fifteen days after filing and further had stated that failure to comply would result in the motion being denied, a request for recusal of the district judge, which was subsequently filed, was denied for a failure to file a motion and a brief when the plaintiffs who requested the recusal never presented a motion to the court or submitted a brief in support of their request. Smith v. Danyo, D.C.Pa.1977, 441 F.Supp. 171, affirmed C.A.3d, 1978, 585 F.2d 83.

A motion for a civil contempt order is a permissible substitute for a show cause order when the court already has acquired in personam jurisdiction over the party to whom the motion is addressed. SEC v. VTR, Incorporated, D.C.D.C.1975, 410 F.Supp. 1309.

When an order to show cause why a preliminary injunction should not be granted and a copy of the complaint and supporting affidavit were served on the defendant, no prejudice result-

**Rule**
    (12) Certified Foreign Records of Regularly Conducted Activity.
903. Subscribing Witness' Testimony Unnecessary.

**ARTICLE X.   CONTENTS OF WRITINGS, RECORDINGS, AND PHOTOGRAPHS**

1001. Definitions.
    (1) Writings and Recordings.
    (2) Photographs.
    (3) Original.
    (4) Duplicate.
1002. Requirement of Original.
1003. Admissibility of Duplicates.
1004. Admissibility of Other Evidence of Contents.
    (1) Originals Lost or Destroyed.
    (2) Original Not Obtainable.
    (3) Original in Possession of Opponent.
    (4) Collateral Matters.

**Rule**
1005. Public Records.
1006. Summaries.
1007. Testimony or Written Admission of Party.
1008. Functions of Court and Jury.

**ARTICLE XI.   MISCELLANEOUS RULES**

1101. Applicability of Rules.
    (a) Courts and Judges.
    (b) Proceedings Generally.
    (c) Rule of Privilege.
    (d) Rules Inapplicable.
    (e) Rules Applicable in Part.
1102. Amendments.
1103. Title.

**INDEX**

\* Effective December 1, 2006, absent contrary Congressional action.

## ARTICLE I.   GENERAL PROVISIONS

### RULE 101.   SCOPE

These rules govern proceedings in the courts of the United States and before the United States bankruptcy judges and United States magistrate judges, to the extent and with the exceptions stated in rule 1101.

[Amended March 2, 1987, effective October 1, 1987; April 25, 1988, effective November 1, 1988; April 22, 1993, effective December 1, 1993.]

### RULE 102.   PURPOSE AND CONSTRUCTION

These rules shall be construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined.

### RULE 103.   RULINGS ON EVIDENCE

**(a) Effect of Erroneous Ruling.**   Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

(1) *Objection.*   In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or

(2) *Offer of Proof.*   In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal.

**(b) Record of Offer and Ruling.**   The court may add any other or further statement which shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon. It may direct the making of an offer in question and answer form.

**(c) Hearing of Jury.**   In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury.

**(d) Plain Error.**   Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court.

[Amended April 17, 2000, effective December 1, 2000.]

### RULE 104.   PRELIMINARY QUESTIONS

**(a) Questions of Admissibility Generally.**   Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges.

**(b) Relevancy Conditioned on Fact.**   When the relevancy of evidence depends upon the fulfillment of

Case 2:11-cv-00360-RSL   Document 1   Filed 02/25/11   Page 16 of 16

a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

**(c) Hearing of Jury.** Hearings on the admissibility of confessions shall in all cases be conducted out of the hearing of the jury. Hearings on other preliminary matters shall be so conducted when the interests of justice require, or when an accused is a witness and so requests.

**(d) Testimony by Accused.** The accused does not, by testifying upon a preliminary matter, become subject to cross-examination as to other issues in the case.

**(e) Weight and Credibility.** This rule does not limit the right of a party to introduce before the jury evidence relevant to weight or credibility.

[Amended March 2, 1987, effective October 1, 1987.]

## RULE 105. LIMITED ADMISSIBILITY

When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.

## RULE 106. REMAINDER OF OR RELATED WRITINGS OR RECORDED STATEMENTS

When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

[Amended March 2, 1987, effective October 1, 1987.]

## ARTICLE II. JUDICIAL NOTICE

### RULE 201. JUDICIAL NOTICE OF ADJUDICATIVE FACTS

**(a) Scope of Rule.** This rule governs only judicial notice of adjudicative facts.

**(b) Kinds of Facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

**(c) When Discretionary.** A court may take judicial notice, whether requested or not.

**(d) When Mandatory.** A court shall take judicial notice if requested by a party and supplied with the necessary information.

**(e) Opportunity to Be Heard.** A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

**(f) Time of Taking Notice.** Judicial notice may be taken at any stage of the proceeding.

**(g) Instructing Jury.** In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed. In a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed.

## ARTICLE III. PRESUMPTIONS IN CIVIL ACTIONS AND PROCEEDINGS

### RULE 301. PRESUMPTIONS IN GENERAL IN CIVIL ACTIONS AND PROCEEDINGS

In all civil actions and proceedings not otherwise provided for by Act of Congress or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.

### RULE 302. APPLICABILITY OF STATE LAW IN CIVIL ACTIONS AND PROCEEDINGS

In civil actions and proceedings, the effect of a presumption respecting a fact which is an element of a claim or defense as to which State law supplies the rule of decision is determined in accordance with State law.