UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL SIMONDS,

          Plaintiff,

      v.

DISH NETWORK,

          Defendant.

CASE NO. C11-0360RSL

ORDER REQUIRING MORE
DEFINITE STATEMENT

On February 25, 2011, plaintiff filed a complaint against defendant Dish Network but did not pay the filing fee. Dkt. # 1. The complaint alleges that the Court has jurisdiction under 28 U.S.C. § 1361 and that defendant violated a number of statutes and the due process clause when it unilaterally changed its billing practices in February 2011. It appears that plaintiff's satellite connection was interrupted on February 23, 2011, for which he seeks $95,000 in damages. The complaint also contains references to contractual and common law duties, consumer protection standards, discrimination, and anti-trust law, but it is not clear how these legal theories apply to the minimal factual allegations provided by plaintiff.

In response to a notice of deficiency, plaintiff submitted an application to proceed *in forma pauperis*. Dkt. # 3. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss an *in forma pauperis* action if the complaint is frivolous or fails to state a

ORDER REQUIRING MORE DEFINITE STATEMENT
PAGE – 1

claim upon which relief may be granted.[1] Claims that are factually baseless, including claims that describe irrational, fantastic, or delusional scenarios, are deemed "frivolous" for purposes of the statute. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). In order to state a claim upon which relief can be granted, plaintiff must allege facts which, taken as a whole, state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim that is merely possible is not sufficient. Plaintiff may not rely on "mulled allegations," "legal conclusions masquerading as factual conclusions," or "unwarranted deductions" to defeat a motion to dismiss (see Amanduron v. Am. Airlines, 2011 WL 756199, at *2 (5th Cir. March 4, 2011); Terry v. Tyson Farms, Inc., 604 F.3d 272, 276 (6th Cir. 2010)), nor may he assert claims in federal court based on nothing more than a vague prospect of unearthing supporting evidence during discovery (see Twombly, 550 U.S. 561-62).

The Honorable James P. Donohue, United States Magistrate Judge, has recommended that plaintiff's *in forma pauperis* application be denied and the complaint be dismissed without prejudice. Dkt. # 4. Judge Donohue correctly concluded that plaintiff's allegations are insufficient. The limited facts contained in the complaint do not have enough "heft" to support any cause of action. Plaintiff states that Dish Network changed its practice and required plaintiff to pay his bill before the end of the month, causing an interruption of service on February 23, 2011. These bare facts do not suggest, much less plausibly suggest, that Dish Network is liable for wrongdoing. Plaintiff has not alleged that he had a contract with Dish Network that precluded it from seeking payment before the end of the month, that Dish Network conspired with another satellite service provider in a way that could violate the anti-trust laws, that the public has an interest in this dispute for purposes of a consumer protection act claim, or that

---

[1] Section 1915(e) applies to all *in forma pauperis* complaints, whether filed by prisoners or non-prisoners. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

ORDER REQUIRING MORE DEFINITE STATEMENT
PAGE – 2

1  plaintiff is a member of a protected class.  Plaintiff has failed to address essential
2  elements of every claim suggested by the complaint, failed to put defendant on notice of
3  the nature of the claim(s) asserted, and presented such an hodgepodge of conclusory
4  allegations and legal theories that, even when read in the light most favorable to
5  plaintiff, could not be assembled in any way that created a viable cause of action.
6  Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the
7  claim showing that the pleader is entitled to relief."  Whether plaintiff is entitled to any
8  form of relief cannot be ascertained from the complaint submitted on February 25, 2011.

9        The Court does not believe that dismissal is appropriate at this point,
10 however.  Plaintiff will be given an opportunity to correct the deficiencies identified
11 above.  Plaintiff is therefore ORDERED to file on or before **May 12, 2011**, an amended
12 complaint which clearly and concisely states the facts giving rise to his claim and how
13 Dish Network violated plaintiff's legal rights.  The key to filing an acceptable amended
14 complaint will be providing enough factual allegations to plausibly suggest that plaintiff
15 is entitled to relief.  Failure to submit an acceptable pleading by May 12, 2011, may
16 result in the denial of plaintiff's *in forma pauperis* application and the dismissal of this
17 action.

19        Dated this 12th day of April, 2011.

21        Robert S. Lasnik
      United States District Judge