FILED
LODGED
RECEIVED

MAIL

APR 25 2011

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                        DEPUTY

District Court - is
and made a mistake;
this case is the same
one since Feb. 2011 - and
a civil Cover Sheet;
Mr. Simonds is notifying
the Court - on this civil
cover Sheet the stakes
and have changed;
his complaints have
stated such and
notified the Court;
So this civil Cover
Sheet; Shall do so;
on the amount;
        amount: Demand;
Statement of fact;


Mr. Simonds
April 23rd 2011

11-CV-00360-MISC

Complaint -
C11-10360 R.Sh
amended - and more;
U.S. District Judge
Lasnik, failed to
State the truth on
all Complaints - this
case; facts - sufficient
U.S. District Judge
Lasnik knows the law -
on all Complaints;
alledging cases or more;
including Mr. Simonds's
Statement - he is
Suing Dish Network
on all evidence -
Stated, on the first
Complaint, Complaint;
Feb. 25th 2011;
U.S. District Judge
failed to decide -
Complaint - Objections
as, more; or answer
etc.   Judge Lasnik;

U.S. District Judge
Lasnik has Failed
Therefore to know a
cause of action exists;
as more; just another
delay tactic;
U.S. District Judge
has violated
Statute - Article
3 Jurisdiction as
more; his order-
dated - April 12th
2011;
Appellant -or
Mr. Simonds is
Suing Suing Dish
Network on all
Complaints evidence
codes; etc documents
etc. as more; more;
Statements of fact
823 P2nd 831, 840 -
material fact;
this Complaint states;

U.S. District Judge
Lasnik failed to
admit to case-
823 F 2nd 831, 840
as major material
fact, his order or
delay tactics April
13th 2011.
U.S. District Judge
Lasnik has
demonstrated lack
of the law - the motion-
ordered to Show Cause

This complaint states
he is suing Dish
Network based on
all complaints -
evidence - documentary
etc. as major
April 14th 2011;
claim - 5th amendment
U.S.C.A. Due
process as major

findings of fact,
and Conclusions of
laws -
all documents, evidence
cases; etc. Complaints
387 F 2nd 264;

667 F 2nd 953 -
number 8 demonstrates
claim; antitrust

all complaints-
demonstrate to Sue
defendants Defendant-
discrimination - document
U.S. C.A. 47 153 (44, 46)
and claim, alledges,
demonstrates such - etc.

Sue defendants - on
fraud - 823 P 2nd 831,
840- perpetuate fraud-
and cases - suing their
corporate veil - 47 P 3rd
556,

U. S. District Judge
does not understand-
the complaint any or all
this is fine;
however; Judge Lashik
should know facts
before submitting to
Mr. Simonds; and
delay facts or deny
delay Mr. Simonds;
his belief; is not the
law etc.
Defendant is being
sued on the law
based on the law;
the complaint which
cites this case-
828 P 2nd 831, 840,
states as says:
material fact;
therefore Mr. Simonds
not convinced Judge
lead knows the law-
or more; demonstrates

he should be
assigned this case;
documents-pgs-
274-not 8 00 case(s)
16, 19, pg-275,- 20, 21,
22, 24, Rejudge's order
dated - April 12th 2011
and attached
documents as more;-
evidence rules-
~~due process of law~~
Mr. Simonds's
demands for
judgement-28-1361-
#400 million Dollars-
on April 29th 2011

When Judge has
Concluded all
Complaints or has
accepted the fact
on all Complaints to
Sue defendant-Dish

Mr. Simonds, shall
cancel, pgs - 274, 275,
which is the second
time - these documents
attached to - Complaint-
Objection; - 1st time,
1st Judge must poove
to Mr. Simonds;

and 2nd-
Judge must answer
this Complaint; entire-
any delay, shall
poove fatal to Judge

nature of claims -
5th Amendment - U.S.C.A.
Due Process -
Mr. Simonds

Apoil 15th 2011

Colorado Consumer
Protection Act
and document- etc.

① that defendant
engaged in unfair or
deceptive trade
practice

② That challenged
practice occurred in
course of defendants
business or occupation

③ That it significantly
impacts the public as
actual or potential
consumers of ~~defendants~~
defendant's goods,
services, or property

Pierce Corporate veil-
119 and 176 to sue
defendants

④ That plaintiff suffered injury in fact to legally protected interest;

⑤ That challenged practice caused plaintiffs injury;

969 P 2nd 225, 226 number - 13;

Judge Lasnik violated Due Pro Process - U.S.C.A. 5th amendment - claim, as more, order - April 12th 2011 April 12th 2011 - order;

Judge Lasnik violated Federal rules of evidence - 101, 102, 103,

201, as more
findings of fact and
conclusions of law
on all complaints,
documentary evidence
and cases - etc
387 F 2nd 269;

Mr. Simonds 5 objections
Complaint - document - attached
U.S/D.C W.A. WSE
which means - claim; as
more; Mr. Simonds
would like this document
returned to him, etc more;
Mr. Simonds
4742 18th Ave. N.E.
Seattle Wash. 98105
April 15th 2011

Claim - above - 8-a-1, 8-a-2,
8-a-3; demand for
Judgement - April 29th 2011

Case 2:11-cv-00360-RSL   Document 11   Filed 04/25/11   Page 13 of 15

regard specifically to social and private activities, Canon 2B cautions
that a judge should not allow family or social relationships to influence
judicial conduct,[13] and Canon 5A permits a judge to engage in the arts,
sports, and other social and recreational activities only if they "do not
detract from the dignity of his office or interfere with the performance
of his judicial duties."[14] Other canons govern the related issues of dis-
qualification and conflict of interest.[15]

The policy justifications for placing restrictions on off-the-bench ac-
tivities generally fall into the following broad categories: (1) the need
to avoid the appearance of partiality, favoritism, or other misuse of
public office,[16] (2) the need to maintain public confidence in the women
and men who comprise the judiciary;[17] and (3) the need to ensure that
judges will not be distracted by nonjudicial activities.[18]

## § 10.03. — Appearance of Favoritism

The need for the judiciary to avoid the appearance of partiality exists
even in the absence of actual wrongdoing or favoritism. In a democ-
racy, the enforcement of judicial decrees and orders ultimately depends
upon public cooperation. The level of cooperation, in turn, depends
upon a widely held perception that judges decide cases impartially.[19]
This is one meaning of the frequently used phrase "confidence in the

---

A. A judge should respect and comply with the law and should conduct himself at
all times in a manner that promotes public confidence in the integrity and impar-
tiality of the judiciary.
B. A judge should not allow his family, social, or other relationships to influence
his judicial conduct or judgment. He should not lend the prestige of his office to
advance the private interests of others; nor should he convey the impression that
they are in a special position to influence him. He should not testify voluntarily as
a character witness.

13. *Id.*, Canon 2B.

14. *Id.*, Canon 5A.

15. *Id.*, Canons 3C & 3D. See Chapter Five.

16. *See In re* Morrissey, 366 Mass. 11, 313 N.E.2d 878 (1974); Acheson, *Removing
the Shadow Cast on the Courts,* 55 A.B.A.J. 919, 920 (1969); *Judicial Ethics,* 50
A.B.A.J. 840, 841 (1964); Note, *Extrajudicial Activities of Judges,* 47 Iowa L. Rev.
1026, 1029 (1962).

17. *See* Cribbet, *The Public Activities of a Judge,* 51 Chi. B. Rev. 78, 79 (1969); Hall,
*Judicial Removal for Off-Bench Behavior: Why?,* 21 J. Pub. L. 127, 146.

18. *See In re* DeSaulnier, 360 Mass. 787, 279 N.E.2d 296 (1972); Kaufman, *Lions or
Jackals: The Function of a Code of Judicial Ethics,* 35 Law & Contemp. Probs. 3, 5
(1970); McKay, *The Judiciary and Nonjudicial Activities,* 35 Law & Contemp. Probs. 9,
19 (1970); Stern, Comment [on Judicial Ethics], 19 Univ. of Chi. Law School Confer-
ence Ser. 17 (1964).

19. *See* Rifkind, *The Public Concern in a Judge's Private Life,* 19 Univ. of Chi. Law
School Conference Ser. 25 (1964); Wright, Comment [on Judicial Ethics], 19 Univ. of
Chi. Law School Conference Ser. 39 (1964).

§ 10.04        PERSONAL CONDUCT, SPEECH, AND ASSOCIATION        § 10.04

judiciary."[20] If this confidence were lost, the judicial system could not function. Should the citizenry conclude, even erroneously, that cases were decided on the basis of favoritism or prejudice rather than accord-ing to law and fact, then regiments would be necessary to enforce judgments.[21] Consequently, judges are called upon to avoid all activity that so much as suggests that their rulings are tempered by favoritism or self-interest. This is a prophylactic measure that goes beyond the need for judges to recuse themselves from cases in which they actually have a stake or interest.[22] Rather, the goal of the policy is to prohibit judges from engaging in certain activities that are deemed inherently inconsistent with the appearance of impartiality.

### § 10.04. — Collateral Misuse of Office

Closely related to the appearance of partiality or self-interest is the issue of collateral misuse of the judicial office. Although the integrity of the judging process may not be directly compromised, it is considered improper for a judge to take advantage of his or her position and title in order to advance an economic, political, social, or other interest.[23] Furthermore, it is considered improper for a judge even to appear to do so.

It is true that such conduct does not always appear to result in unfair judging, but at least two aspects of collateral misuse do implicate the decision-making process. A judge, by obtaining a favor through the use of his or her position, creates the reasonable inference that the favor may be returned. Thus, the first issue is one of, at least apparent, partiality. The second aspect of the collateral misuse rationale is its relationship to the character or personal integrity of the judge. We expect our judges to obey the law, and misuse of office amounts to a crime clearly ought to be disciplined.[24] A judge who cannot obey the

20. See In re Fuchsberg, 426 N.Y.S.2d 639, 648 (1978); Model Code, Canon 2 Com-mentary.

21. In re Fuchsberg, id. at 667 (Simons, J., dissenting). See also Martineau, supra note 7.

22. Model Code, Canon 3C(1) (requiring recusal in cases where the judge's impar-tiality might reasonably be questioned).

23. Id., Canon 2B; In re Foster, 271 Md. 449, 318 A.2d 523 (1974); Shilling v. State Comm'n on Judicial Conduct, 51 N.Y.2d 397, 415 N.E.2d 900, 434 N.Y.S.2d 909 (1980), appeal dismissed, 451 U.S. 978 (1981).

24. Courts have condemned judges' business activities that were conducted from chambers (In re Steinberg, 51 N.Y.2d 74, 409 N.E.2d 1378, 431 N.Y.S.2d 704 (1980)), which otherwise involved misappropriation of public funds or personnel (In re Carrillo, 542 S.W.2d 106, 109 (Tex. 1976); In re Troy, 364 Mass. 15, 63-64, 306 N.E.2d 203, 230 (1973)), or which appeared to involve fraud or violations of the law (In re Troy, 364

FILED
LODGED
RECEIVED
MAIL

APR 20 2011

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
*Mr. Paul Simonds*

### DEFENDANTS
*Dish Networok Unknown*

**(b)** County of Residence of First Listed Plaintiff *King*
(EXCEPT IN U.S. PLAINTIFF CASES)

*4742 18th Ave N.E*

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
*Seattle Wash. 98105*

Attorneys (If Known)
*Unknown*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ❑ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ❑ 2 U.S. Government Defendant
- ❑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❑ 1 | Incorporated or Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 610 Agriculture | ❑ 422 Appeal 28 USC 158 | ❑ 400 State Reapportionment |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 362 Personal Injury - Med. Malpractice | ❑ 620 Other Food & Drug | ❑ 423 Withdrawal 28 USC 157 | ❑ 410 Antitrust |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 365 Personal Injury - Product Liability | ❑ 625 Drug Related Seizure of Property 21 USC 881 | | ❑ 430 Banks and Banking |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | ❑ 368 Asbestos Personal Injury Product Liability | ❑ 630 Liquor Laws | **PROPERTY RIGHTS** | ❑ 450 Commerce |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | | ❑ 640 R.R. & Truck | ❑ 820 Copyrights | ❑ 460 Deportation |
| ❑ 151 Medicare Act | ❑ 340 Marine | **PERSONAL PROPERTY** | ❑ 650 Airline Regs. | ❑ 830 Patent | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❑ 345 Marine Product Liability | ❑ 370 Other Fraud | ❑ 660 Occupational Safety/Health | ❑ 840 Trademark | ❑ 480 Consumer Credit |
| | ❑ 350 Motor Vehicle | ❑ 371 Truth in Lending | ❑ 690 Other | | ❑ 490 Cable/Sat TV |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 355 Motor Vehicle Product Liability | ❑ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ❑ 810 Selective Service |
| ❑ 160 Stockholders' Suits | ❑ 360 Other Personal Injury | ❑ 385 Property Damage Product Liability | ❑ 710 Fair Labor Standards Act | ❑ 861 HIA (1395ff) | ❑ 850 Securities/Commodities/Exchange |
| ❑ 190 Other Contract | | | ❑ 720 Labor/Mgmt. Relations | ❑ 862 Black Lung (923) | ❑ 875 Customer Challenge 12 USC 3410 |
| ❑ 195 Contract Product Liability | | | ❑ 730 Labor/Mgmt.Reporting & Disclosure Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | | | ❑ 740 Railway Labor Act | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 790 Other Labor Litigation | ❑ 865 RSI (405(g)) | ❑ 892 Economic Stabilization Act |
| ❑ 210 Land Condemnation | ❑ 441 Voting | ❑ 510 Motions to Vacate Sentence | ❑ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ❑ 893 Environmental Matters |
| ❑ 220 Foreclosure | ❑ 442 Employment | **Habeas Corpus:** | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 894 Energy Allocation Act |
| ❑ 230 Rent Lease & Ejectment | ❑ 443 Housing/ Accommodations | ❑ 530 General | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 895 Freedom of Information Act |
| ❑ 240 Torts to Land | ❑ 444 Welfare | ❑ 535 Death Penalty | **IMMIGRATION** | | ❑ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 540 Mandamus & Other | ❑ 462 Naturalization Application | | ❑ 950 Constitutionality of State Statutes |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | ❑ 550 Civil Rights | ❑ 463 Habeas Corpus - Alien Detainee | | |
| | ❑ 440 Other Civil Rights | ❑ 555 Prison Condition | ❑ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ❑ 2 Removed from State Court
- ❑ 3 Remanded from Appellate Court
- ❑ 4

*Please choose ONE Nature of suit from the list above —*

*Thank You*

- ❑ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
❑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

filed in complaint:
❑ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE

DATE *April 16th 2011*

SIGNATURE OF ATTORNEY *Mr.*

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____