UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL SIMONDS,

        Plaintiff,

     v.

DISH NETWORK,

        Defendant.

CASE NO. C11-0360RSL

ORDER OF DISMISSAL

On April 12, 2011, the Court gave plaintiff leave to file an amended complaint that clearly and concisely states the facts giving rise to each of his claims and explains how Dish Network violated plaintiff's legal rights. Plaintiff was warned that failure to submit an adequate complaint could result in the denial of plaintiff's *in forma pauperis* application and the dismissal of this action.

Plaintiff filed an amended complaint on April 25, 2011. Dkt. # 11. Mr. Simonds asserts that his original complaint and civil cover sheet adequately set forth his causes of action against Dish Network. Plaintiff further asserts that the Court's finding to the contrary was error and must have been motivated by either ignorance of the law or a desire to delay this litigation. Plaintiff lists the elements of a cause of action under the Colorado Consumer Protection Act and asserts that the undersigned has violated plaintiff's due process rights under the Fifth Amendment to the United States

ORDER OF DISMISSAL
PAGE – 1

1  Constitution.  Dkt. # 11 at 10-11.  Plaintiff also supplemented his amended complaint on
2  May 10, 2011 (Dkt. # 12), and requested permission to proceed *in forma pauperis* on
3  appeal and/or a writ of mandamus on May 12, 2011 (Dkt. # 13).
4  　　　　　When a litigant seeks to initiate a federal lawsuit without paying the filing
5  fee, the proposed complaint is subject to review under 28 U.S.C. § 1915(d).  "Section
6  1915(d) is designed largely to discourage the filing of, and waste of judicial and private
7  resources upon, baseless lawsuits that paying litigants generally do not initiate because
8  of the costs of bringing suit and because of the threat of sanctions for bringing vexatious
9  suits under Federal Rule of Civil Procedure 11."  <u>Neitzke v. Williams</u>, 490 U.S. 319,
10  327 (1989).  The Court has the power to dismiss an *in forma pauperis* complaint that is
11  based on a indisputably meritless legal theory or whose factual contentions are clearly
12  baseless.  <u>Id.</u>
13  　　　　　Having reviewed plaintiff's submissions in this matter, the Court finds that
14  dismissal is appropriate.  Plaintiff has not remedied the deficiencies identified in the
15  April 12, 2011, order:  he has failed to address essential elements of every claim
16  suggested by the complaint, failed to put defendant on notice of the nature of the
17  claim(s) asserted, and presented a hodgepodge of conclusory allegations and legal
18  theories that, even when read in the light most favorable to plaintiff, cannot be
19  assembled in any way that created a viable cause of action.  For all of the foregoing
20  reasons, plaintiff's *in forma pauperis* application is DENIED and the amended
21  complaint is hereby DISMISSED.
22
23  　　　　　Dated this 23rd day of May, 2011.
24
25  　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　Robert S. Lasnik
　　　　　　　　　　　　　　　United States District Judge
26

ORDER OF DISMISSAL
PAGE – 2